IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| VERNON KING, JR. | § | |
| | § | |
| VS. | § | C.A. NO. C-05-539 |
| | § | |
| BRAD LIVINGSTON | § | |

## ORDER DENYING CERTIFICATE OF APPEALABILITY

Petitioner has filed a notice of appeal (D.E. 14), which is construed as a request for a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c).  For the reasons stated herein, petitioner's request for a COA is DENIED.

## I.  Background

Texas state prisoner Vernon King, Jr.  ("King") filed this § 2254 habeas corpus action on November 2, 2005,  challenging as unconstitutional numerous disciplinary convictions that he claims resulted in the loss of good time credits and denial of parole (D.E. 1).

By Memorandum and Recommendation entered November 10, 2005, it was recommended that King's petition be dismissed because King is an abusive litigant with an outstanding sanction order against him that he has failed to pay, and because he did not allege that he was under imminent danger of serious physical injury[1] (D.E. 5).  King filed objections to the recommendation (D.E. 7). By Order and Final Judgment entered November 28, 2005, the Court adopted the recommendation and dismissed King's petition (D.E. 8, 9).

On December 19, 2005, King filed a notice of appeal (D.E. 14).  The Court construes King's notice of appeal as a request for a COA.  See Fed. R. App. P. 22(b)(1).

---

[1] It is well-established that the provisions of the Prison Litigation Reform Act ("PLRA") do not apply to habeas corpus proceedings. See Sonnier v. Johnson, 161 F.3d 941 943 (5th Cir. 1998).  However, there is no prohibition in applying the imminent threat of physical harm standard to assist in evaluating a petition.

## II.  Discussion

**A.     Certificate of Appealability.**

To obtain a COA, King must make a substantial showing of the denial of a constitutional right.  See 28 U.S.C. 2253(c)(2);  Robertson v. Johnson, 234 F.3d 890, 897 (5th Cir. 2000); Barrientes v. Johnson, 221 F.3d 741, 771 (5th Cir. 2000).  To meet this standard, King must demonstrate "'that reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'"  Barrientes, 221 F.3d at 771 (quoting Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595, 1603-04 (2000)).

**B.     Analysis.**

In this case, the merits of King's claims challenging his disciplinary convictions were not reached because it was determined that he had repeatedly abused judicial resources by filing frivolous lawsuits and that he had failed to pay a court-ordered sanction. (See D.E. 5, n. 1, listing the actions King has had dismissed as frivolous or for failure to state a claim).  The recommendation noted that the Fifth Circuit had barred King from proceeding *in forma pauperis* in at least three cases, and that the Western District of Texas had barred him from filing ***any*** new civil actions until he paid an earlier imposed sanction.  Id.  In his notice of appeal (D.E. 14), King fails to address the grounds on which his petition was dismissed.

The Court possesses the inherent power "to protect the efficient and orderly administration of justice and ... to command respect for the court's orders,  judgments, procedures, and authority." In re Stone, 986 F.2d 898, 902 (5th Cir. 1993).   In addition, this Court observes and enforces sanctions imposed by other federal courts.  See Dominguez v. Scott, 265 F.3d 1058, at *2 (5th Cir. 2001) ("one district court may enforce another district court's sanctions"). King's abusive litigation

history, and the fact that he did allege imminent physical harm in his petition, provided adequate grounds for dismissal of his petition.

In his objections to the recommendation, King alleged that his health was in danger due to the poor ventilation in his cell (D.E. 7).  This claim, properly characterized as one under 42 U.S.C. § 1983, did not challenge the fact or duration of his confinement, and would not be properly maintained in a habeas corpus proceeding.  See 28 U.S.C. § 2254.   Thus, his objection to the recommendation failed to address the basis for the dismissal of his petition.

King has failed to show that jurists of reason could debate that his petition should not have been dismissed.   He is not entitled to a COA.

King is advised that he may request the issuance of a COA from a circuit court of appeals judge.  If the district judge has denied the COA, the applicant may then request issuance of the certificate by a circuit judge.  FED. R. APP. P. 22(b).  If King does not expressly make such a request for a COA, the notice of appeal shall be deemed to constitute a request addressed to the judges of the Fifth Circuit.  Id.

### III.  Conclusion

For the above reasons, King's petition for a certificate of appealability (D.E. 14),  is DENIED.

ORDERED this 28th day of July, 2006.

_____
Janis Graham Jack
United States District Judge